IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRY SIMPSON,     :
          :
  Plaintiff,     :
          :
v.           :  Civil Action No.
          :  1:14-CV-04106-WSD-JCF
          :
ALL SAINTS & ST. LUKE'S  :
EPISCOPAL HOME FOR THE :
RETIRED d/b/a     :
CANTERBURY COURT, INC. :
          :
  Defendant.    :

## ORDER and FINAL REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's two documents entitled "Amend Motion and Pleading" (Docs. 17 & 18)[1] and Defendant's Motion To Dismiss (Doc. 19). Plaintiff's second Motion To Amend (Doc. 18) is **GRANTED** and his first Motion To Amend (Doc. 17) is **DENIED as moot**. Further, the undersigned **RECOMMENDS** that Defendant's Motion To Dismiss (Doc. 19) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

---

[1] The undersigned is construing these documents as both Motions To Amend and Amended Complaints. As far as the undersigned can determine, the documents are practically indistinguishable. (*See* Docs. 17, 18 (of the two documents, only Doc. 17 references a proposed change of the name of the Defendant which was separately allowed)). For sake of convenience, the undersigned will refer to the later-filed document (Doc. 18) as Plaintiff's Motion To Amend and Amended Complaint.

## **Procedural History**

Plaintiff, who is proceeding *pro se*, filed an application to proceed *in forma pauperis* on December 29, 2014.  (Doc. 1).  He then paid the filing fee and filed an employment discrimination Complaint against Defendant.  (*See* Doc. 2).  The Court denied his application to proceed *in forma pauperis* as moot and directed Plaintiff "to serve the summons and complaint on Defendant in accordance with Federal Rule of Civil Procedure 4" (Doc. 3).  On January 9, 2015, Plaintiff filed a return of service indicating that a process server had served the summons on Defendant's CFO on December 31, 2014.  (Doc. 5).

In lieu of an answer, Defendant filed a motion to dismiss Plaintiff's Complaint. (*See* Doc. 6).  On April 13, 2015, the undersigned denied that motion without prejudice, finding that Plaintiff had failed to state a claim but directing Plaintiff to file an amended complaint within 21 days.  (Doc. 14).  Plaintiff was directed to clearly set out each of his claims and the factual basis for each.  (*Id.* at 5-6).  Plaintiff was further directed to serve the amended complaint and summons on Defendant pursuant to Federal Rule of Civil Procedure 4 within the same 21 day window.  (*Id.* at 7).  Plaintiff then filed a motion to amend on April 24, 2015 merely requesting that Defendant's name be changed in the suit in order to reflect Defendant's legal name.  (Doc. 15).   The Court granted that motion while

reminding Plaintiff of the Court's previous order requiring him to file an amended substantive complaint.  (Doc. 16).

On April 28, 2015, Plaintiff filed his first Motion To Amend.  (Doc. 17).  On May 5, 2015, he filed what appears to be a practically identical Motion To Amend. (Doc. 18).  The Defendant then sought dismissal contending: (1) that Plaintiff did not, at any point, serve a summons from this Court on Defendant (Doc. 19 at 4-5); (2) that Plaintiff's attempts to serve a copy of the Complaint were insufficient (*id.* at 5-10); and (3) that Plaintiff's claims fail, despite lack of service, as Plaintiff has not set out facts sufficient to state a claim for relief (*id.* at 11-24).  Plaintiff did not respond to the Motion To Dismiss.

## Discussion

### I.   Plaintiff's Motions To Amend

Plaintiff filed two separate pleadings titled "Amend Motion and Pleading" in an apparent response to the undersigned's directive to amend his complaint.  (*See* Docs. 17, 18).  The undersigned is construing these as Plaintiff's substantive Amended Complaints, however, because the documents were docketed as motions to amend the undersigned will rule on them as such.  The two documents appear to be almost identical except that the second omits a restatement of the request to change the name of the Defendant.  Therefore, the first Motion To Amend (Doc. 17) is **DENIED as moot** since there is a more recent motion deserving

3

consideration.  The second Motion To Amend (Doc. 18) is **GRANTED,** as the Court already granted Plaintiff the opportunity to amend his Complaint (*see* Doc. 14).  Defendant's Motion To Dismiss (Doc. 19) seeks dismissal of the Second Amended Complaint (Doc. 18), so, the undersigned will now to consider the motion to dismiss.

## II.    Defendant's Motion To Dismiss

Defendant moves to dismiss the Amended Complaint for a lack of proper service, failure to deliver summons and for failure to state a claim.  (*See* Doc. 19).  Because Plaintiff has failed to state a claim in his most recent Amended Complaint, even after the undersigned instructed Plaintiff on what is required to state a claim, the motion to dismiss is due to be granted.  Because Plaintiff has failed to state a claim, it is unnecessary for the undersigned to consider the issues of service and summons or whether should be allowed to cure any potential shortcomings in service.  *See e.g.*, *DeWeese v. JP Morgan Chase Bank, N.A.*, No. 2:13-CV-59-RWS, 2013 U.S. Dist. LEXIS 166925, at *17-18 (N.D. Ga. Nov. 25, 2013) (reaching the merits despite an unresolved issue of service where the defendant moved to dismiss the case based on the merits).

### A. Motion To Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Redland Co. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009) (explaining that "[t]o survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief,

5

raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed" (internal quotation omitted)).

"Additionally, because Plaintiff[ is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at *3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

## B. Plaintiff's Amended Complaint

### 1. ADA, GINA And ADEA Claims

Plaintiff's Motion to Amend, which the undersigned is also construing as his Amended Complaint, identifies his claim as "Title VII of the Civil Rights Act, Discrimination of Employment." (Doc. 18 at 1). Plaintiff's original Complaint was captioned: "Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or Age Discrimination in Employment Act (ADEA)." (Doc. 2). Based upon this, it appears Plaintiff has expressly abandoned any potential ADA or GINA claims (and there is no further mention to either claim in the complaint). (*See* Doc. 18). While

6

it would also appear from this revised caption that Plaintiff has moved on from his ADEA claim, there are some references to the ADEA later in the Amended Complaint under the heading "RELIEF" (*see id.* at 3-4).   Yet Plaintiff has not attempted to set forth even the basic elements of an ADEA claims, specifically he has not included his own age, or any allegation that age was the reason for the alleged actions.   *See Mora v. Jackson Mem. Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010) (stating that the "ADEA requires that age be the reason that the employer decided to act" (internal quotations omitted)).   As a result, it is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** to the extent that it could possibly be construed as asserting claims under the ADA, GINA or ADEA.

### 2.  Potential Title VII Claims

While the Amended Complaint references Title VII, it does not clearly set out what Title VII claims that Plaintiff may be trying to bring.  (*See generally* Doc. 18).   Defendant suggests the Amended Complaint could possibly be construed to contain discrimination, retaliation or hostile work environment claims.  (Doc. 19 at 11-23).   Plaintiff's allegations are so threadbare that it is hard to make out any one claim; Plaintiff fails to identify any claims explicitly.   Despite the lack of precision in Plaintiff's filings, the undersigned will address all three types of claims Plaintiff could potentially bring under Title VII.

Plaintiff's alleges that he filed an EEOC complaint on February 27, 2013 "for unfair treatment and harassment and discrimination." (Doc 18 ¶ 3). Plaintiff says that he, an African American, went to his white supervisor, Brandon Flower, the maintenance director, and inquired as to why Plaintiff could not do the work that Defendant was using subcontractors to perform. (*Id.* ¶ 4). Plaintiff alleges that the contracts paid a considerable amount more than what he made for performing the same type of work. (*Id.*). Plaintiff has apparently tried to allege that these contracts went to white subcontractors, but these allegations are far from clearly stated. (*See id.* ("Plaintiff knowing that the wind [sic] that had the contracts (being white) were thousands of dollars more then him performing the same type of work, and that plaintiff were only making $15 an hour.")). Plaintiff provides no further detail about the subcontractors who did receive these alleged contracts, nor does he provide any additional detail about the contracts themselves or the work that was to be performed. Plaintiff alleges that Flower told him "to shut up" and "that he does not need to know what was going on" and to "mind your own business." (*Id.*). According to Plaintiff, three weeks later he started "receiving harassment and retaliation." (*Id.*). The Amended Complaint states that Plaintiff was informed by security personnel, one Mr. Cedrick Drew, that he was being investigated for theft. (*Id.*). Finally, the Amended Complaint states: "Mr. Drew ask everyone to stop making these false statement about the plaintiff, and what

they about him was not true.  Mr. Brandon Flower spent time seeking ways on how to terminate plaintiff employment." (*Id.*).  Plaintiff's Amended Complaint provides no further substantive information or factual details.

### a. Discrimination Based On Race

It appears from the Amended Complaint that Plaintiff is alleging that he did not receive additional work that paid more than his position as a result of his race. (Doc. 18 at 3).  To establish a prima facie case for a discrimination claim such as this, Plaintiff must show: (1) that he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated people outside of the protected class more favorably; and, (4) he was qualified to do the job.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004).  Plaintiff has not made the allegations necessary to meet his *prima facie* burden.

Plaintiff has failed to show that anyone outside of his protected class was treated more favorably than he was treated.  First, he has made no specific allegations to identify any potential comparators.  At best, he parenthetically stated that the subcontractors who received the higher paying work he desired are white. What he has not done is identify another similarly situated *employee* who was treated more favorably than he was treated.  The allegations contained in the Amended Complaint therefore are not sufficient to meet the applicable pleading

standards.  The Court previously instructed Plaintiff on precisely what would be required for him to be able to set out a viable claim including the requirement that he allege specific details of the instances of discrimination.  (*See* Doc. 14 at 5-6 (these instructions are set out below at 14-15)).  Plaintiff has not provided any specifics of what occurred and, therefore, has failed to allege facts which, if true, could satisfy his *prima facie* burden.

### b.  Retaliation

Title VII makes it unlawful for an employer to discriminate against an employee because the employee 'has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this subchapter.' " *Word v. AT&T*, 576 Fed. Appx. 908, 912 (11th Cir. 2014) (unpublished decision) (quoting 42 U.S.C. § 2000e-3(a)).  To demonstrate a *prima facie* case of retaliation in the absence of direct evidence, a plaintiff must show that he (1) engaged in statutorily protected activity; (2) suffered an adverse employment action; and (3) there is a causal connection between the protected activity and adverse action.  *Dixon v. The Hallmark Cos., Inc.*, 627 F.3d 849, 856 (11th Cir. 2010).  If the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the challenged employment decision, after which the plaintiff must then

demonstrate that the articulated reason is pretext for retaliation.  *See Word*, 576 Fed. Appx. at 912.

Any potential retaliation claim fails because Plaintiff has not alleged facts necessary to show that he has engaged in statutorily protected activity.  Plaintiff alleges that he complained to his supervisor (*see* Doc. 18 ¶ 4) and filed an EEOC claim (*see* Doc. 18 ¶ 5).  But Plaintiff did not file his EEOC claim until after he was terminated.  (*See* Doc. 1-1 at 4).  As for his complaint to Flower, the Amended Complaint contains no allegations which indicate that he believed he was being discriminated against due to his status as a member of a protected class.  The Amended Complaint only appears to assert that Plaintiff asked why he was not being given these contracts and he was told to "shut up."  (Doc. 18 ¶ 4).  Plaintiff cannot show that he engaged in statutorily protected activity with allegations of informal complaints to supervisors unrelated to acts made unlawful by Title VII. *See Saffold v. Special Counsel, Inc.*, 147 Fed. Appx. 949, 951 (11th  Cir. 2005) (unpublished decision) (informal complaints about issues with co-workers did not qualify as a protected activity).  Neither can he rely on complaints which did not occur until after the alleged adverse action occurred.  *See E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (concluding that because EEOC claim was filed after the plaintiff was terminated, there could not be a claim for retaliation).  Further, Plaintiff has not made any allegations that he even referenced

11

his race or any other protected status in the conversation with Flower.  A complaint about an "unfair" or otherwise objectionable employment practice does not constitute statutorily protected activity if the employee does not assert that the practice is discriminatory based on a protected characteristic such as race, color, age, sex, etc.  *See, e.g.*, *Hawk v. Atlanta Peach Movers*, 469 Fed. Appx. 783, 785-86 (11th Cir. 2012) (finding complaint that employer "acted unfairly towards" employee was not statutorily protected activity because nothing in the employee's "complaints suggested that [his employer] was discriminating against him based on a protected ground").  Therefore, Plaintiff has not alleged facts which could set forth a *prima facie* case for retaliation.

### a.  Hostile Work Environment

To support a hostile work environment claim, Plaintiff must show:

(1) [h]e belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

*Edwards v. Prime Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010).

Plaintiff's claim fails because he has not alleged facts to show either that his treatment had anything to do with his race or that it was "severe or pervasive enough to alter the terms and conditions of employment."  Plaintiff mentions that

he is an African American and alleges that the subcontractors who were receiving the work were white.  Further, he alleges that Flower is white.  However, Plaintiff has not provided any facts that would link the supposed conduct to his race. Plaintiff alleges that he was denied contracts and that he was then investigated and fired after complaining about it, but he has provided no facts which show that his race played any factor in that process.

Even if Plaintiff had provided facts that this conduct was related to his race, being yelled at once by a boss, allegedly denied contracts, and investigated apparently for theft is clearly not enough to satisfy the "severe or pervasive" prong of a hostile work environment claim.  Courts have found more frequent and more severe inappropriate conduct insufficient to objectively alter the terms and conditions of employment.  *See, e.g.*, *McCann v. Tillman*, 526 F.3d 1370, 1378-79 (11th Cir. 2008) (holding that the plaintiff's allegations or repeated racial insults were not severe and pervasive enough to alter terms of employment); *Barrow v. Georgia Pac. Corp.*, 144 Fed. Appx. 54, 57-58 (11th Cir. 2005) (unpublished per curiam opinion) (finding that the alleged actions of the plaintiff's co-workers were not severe enough to alter the terms of employment where: the letters "KKK" were written on a bathroom wall and on a block-saw console; a noose hung in another employee's locker; repeated use of racially derogatory terms); *Smith v. Beverly Health and Rehab. Servs., Inc.,* 978 F. Supp. 1116, 1120-22 (N.D. Ga. 1997)

(holding that the plaintiff's allegations involving repeated use of racially derogatory terms did not rise to the level of severe and pervasive racial harassment).

### C. Plaintiff's Failure To State A Claim After The Court's Instructions

In the previous order, after finding that Plaintiff's initial Complaint failed to state a claim, the Court ruled: "In light of Plaintiff's *pro se* status, however, the Court finds that Plaintiff should be given an opportunity to amend his complaint." (Doc. 14 at 5).   The undersigned then directed Plaintiff to file an amended complaint, within 21 days, "in which he sets out each of his claims against Defendant and the factual bases for each claim."   (*Id.*). The undersigned further cautioned Plaintiff:

> that he must avoid conclusory allegations, but must state the specific facts that support each claim.   In particular, if he alleges that Defendant discriminated against him, he must state what acts of discrimination he contends occurred; who engaged in the discriminatory act and when; and the facts he contends support his belief that the act was taken *because of* a protected characteristic such as his race, etc.  If he alleges that Defendant retaliated against him, Plaintiff must identify the statutorily protected activity he engaged in, e.g., complaining about prohibited race discrimination; when he engaged in statutorily protected activity; to whom he voiced his complaint or complaints and the form of his complaint; the acts of alleged retaliation and when they occurred and who took them; and facts to support his belief that the acts were taken because he engaged in statutorily protected activity.

14

(*Id.* at 5-6).  The undersigned additionally instructed Plaintiff that he must file any documents which show that administrative remedies for these claims have been exhausted where required.  (*Id.* at 6).

Because the undersigned has already allowed Plaintiff the opportunity to amend his Complaint and instructed him on what would be necessary in order for his Complaint to survive a motion to dismiss, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED** in its entirety.  Plaintiff has not provided the facts necessary to state a claim and, despite Plaintiff's *pro se* status, the undersigned will not attempt to rewrite the complaint to create a viable claim.  *See Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010) (leniency towards *pro se* litigants "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.").  Further, there is no reason to believe that, based upon the scant factual allegations that Plaintiff has provided in his two attempts so far, Plaintiff would be able to sustain a claim even if given another opportunity.

## CONCLUSION

It is hereby **ORDERED** that Plaintiff's second Motion To Amend (Doc. 18) be **GRANTED** and Plaintiff's first Motion To Amend (Doc. 17) be **DENIED as moot**.  It is **RECOMMENDED** that the Motion to Dismiss filed by All Saints (Doc. 19) be **GRANTED** and that Plaintiff's complaint be **DISMISSED**.  The

Clerk is **DIRECTED** to terminate referral of this matter to the undersigned magistrate judge.

SO **RECOMMENDED** this 28th  day of August, 2015.

 /s/ J. CLAY FULLER
J. CLAY FULLER
United States Magistrate Judge