IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRY SIMPSON,

                   **Plaintiff,**

    v.

ALL SAINTS & SAINT LUKES
EPISCOPAL HOME FOR THE
RETIRED d/b/a CANTERBURY
COURT, INC.,

                   **Defendant.**

                            1:14-cv-4106-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final

Report and Recommendation [20] ("R&R"), recommending granting Defendant

All Saints & St. Luke's Episcopal Home for the Retired d/b/a Canterbury Court,

Inc.'s ("Defendant") Motion to Dismiss [19] and dismissal of this action.

## I.    BACKGROUND[1]

On December, 29, 2014, Plaintiff Terry Simpson ("Plaintiff"), *pro se*, filed

an application in proceed *in forma pauperis*.  ([1]).  Plaintiff then paid the filing fee

---

[1]    The facts are taken from the R&R and the record.  The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

and filed an employment discrimination Complaint against Defendant.  (See [2]).

On January 6, 2015, the Court denied as moot his application to proceed *in forma*

*pauperis*, and directed Plaintiff "to serve the summons and complaint on

Defendant in accordance with Federal Rule of Civil Procedure 4."  (January 6,

2015, Order [3]).  On January 9, 2015, Plaintiff filed a return of service [5]

indicating that a process server had, on December 31, 2014, served the summons

on Defendant's chief financial officer.

On January 21, 2015, Defendant filed its motion to dismiss Plaintiff's

complaint [6].  On April 13, 2015, the Magistrate Judge denied Defendant's

motion to dismiss, without prejudice, finding that Plaintiff had failed to state a

claim, and directing Plaintiff to file a proper amended complaint within twenty one

(21) days.  (April 13, 2015, Order [14]).  The Magistrate ordered Plaintiff to

clearly set out each of his claims and the factual basis for each claim asserted.  (Id.

at 5-6).  Plaintiff also was directed to serve the summons and amended complaint

on Defendant in accordance with Federal Rule of Civil Procedure 4, and to do so

within the twenty-one-day period allowed for him to file his amended complaint.

(Id. at 7).  On April 24, 2015, Plaintiff filed his motion to amend [15], requesting

that Defendant's name be changed in the action to reflect Defendant's legal name.

The Court granted Plaintiff's motion to amend, and reminded Plaintiff of the Court's previous order requiring him to file an amended substantive complaint. (April 27, 2015, Order [16]).

On April 28, 2015, Plaintiff filed another motion to amend [17] ("First Motion to Amend"). On May 5, 2015, he filed yet another motion to amend [18] ("Second Motion to Amend"), which appears to be identical to the First Motion to Amend.

On May 8, 2015, Defendant filed its renewed Motion to Dismiss [19], arguing that: (1) Plaintiff did not, at any point, serve a summons on Defendant; (2) Plaintiff's attempts to serve a copy of the Complaint were insufficient; and (3) Plaintiff's claims fail, despite lack of service, because Plaintiff has not set out facts sufficient to state a claim for relief. Plaintiff did not respond to the Motion to Dismiss.

On August 28, 2015, the Magistrate Judge issued his R&R. In it, he granted Plaintiff's Second Motion to Amend [18], and denied, as moot, Plaintiff's First Motion to Amend. The Magistrate construed the allegations in Plaintiff's Second Motion to Amend as Plaintiff's substantive amended complaint (hereinafter, "Amended Complaint"). The Magistrate also recommended that Defendant's

Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed.  He

recommended dismissal because he found Plaintiff failed to state a claim upon

which relief can be granted.  Because Plaintiff failed to state a claim, the

Magistrate Judge did not reach the issues of service and summons, or whether

Plaintiff should be allowed to cure any potential service defects.  Plaintiff did not

file objections to the R&R.

## II.     LEGAL STANDARDS

### A.     Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  When, as here,

no party has filed any objections to the report and recommendation, the Court must

conduct a plain error review of the record.  U.S. v. Slay, 714 F.2d 1093, 1095 (11th

Cir. 1983).

### B.     Legal Standard on a Motion to Dismiss

The law governing motions to dismiss pursuant to Rule 12(b)(6) is

well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a

dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). The Court, however, is not required to accept a plaintiff's legal conclusions. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

5

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, 597 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent

dismissal.") (quoting <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188

(11th Cir. 2002)).[2]

## III.    DISCUSSION

### A.    <u>Plaintiff's ADA, GINA, and ADEA Claims</u>

The Magistrate Judge determined, based on Plaintiff's Amended Complaint,

that Plaintiff expressly abandoned any potential claims under the Americans with

Disabilities Act ("ADA") or the Genetic Information Nondiscrimination Act

("GINA").  (R&R at 6-7).  The Magistrate also determined that, while Plaintiff's

Amended Complaint did not show that he expressly abandoned his Age

Discrimination in Employment Act ("ADEA") claim, "Plaintiff has not attempted

to set forth even the basic elements of an ADEA claim[], specifically he has not

included his own age, or any allegation that age was the reason for the alleged

actions."  (<u>Id.</u> at 7 (citing <u>Mora v. Jackson Mem. Found., Inc.</u>, 597 F.3d 1201, 1204

(11th Cir. 2010)).  Accordingly, the Magistrate recommends Plaintiff's Amended

---

[2]    Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short
and plain statement of the claim showing that the pleader is entitled to relief."
Fed. R. Civ. P. 8(a)(2).  In <u>Twombly</u>, the Supreme Court recognized the liberal
minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that
"[f]actual allegations must be enough to raise a right to relief above the speculative
level . . . ."  <u>Twombly</u>, 550 U.S. at 555.

Complaint be dismissed to the extent it could possibly be construed as asserting

claims under the ADA, GINA, or ADEA.  The Court finds no plain error in these

findings or recommendation.  See Slay, 714 F.2d at 1095.

B.      Potential Title VII Claims

While the Amended Complaint references Title VII, it does not clearly set

out what Title VII claims Plaintiff seeks to allege.  The Court agrees that

"Plaintiff's allegations are so threadbare that it is hard to make out any one claim;

Plaintiff fails to identify any claims explicitly."  (R&R at 7).  The Magistrate Judge

nevertheless addressed, based on the allegations in the Amended Complaint, the

three types of claims Plaintiff might be able to bring under Title VII.[3]

Plaintiff alleges that he filed an EEOC complaint on February 27, 2013 "for

unfair treatment and harassment and discrimination."  ([18] ¶ 3).  Plaintiff says that

he, an African American, went to his white supervisor, Brandon Flower, the

maintenance director, and asked why Plaintiff could not do the work that

Defendant was using subcontractors to perform.  (Id. ¶ 4).  Plaintiff alleges that

---

[3]      The Eleventh Circuit has "long embraced the principle that *pro se* briefs should be construed liberally."  Pieschacon Quijano v. U.S. Atty. Gen., 460 F. App'x 884, 887 (11th Cir. 2012) (citing Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005)).

8

people are paid, under subcontracts, a considerable amount more than what he
made for performing the same type of work.  (Id.).  Plaintiff attempts to allege that
these contracts went to white subcontractors, but these allegations are not clearly
stated. (See id. ("Plaintiff knowing that the wind [sic] that had the contracts (being
white) were thousands of dollars more then him performing the same type of work,
and that plaintiff were [sic] only making $15 an hour.")).  Plaintiff does not
provide any further detail about the subcontractors who did receive these alleged
contracts, and does not provide any additional detail about the contracts themselves
or the work that was to be performed.  Plaintiff alleges Flower told him "to shut
up" and "that he does not need to know what was going on" and to "mind your
own business."  (Id.).  According to Plaintiff, three weeks later he started
"receiving harassment and retaliation."  (Id.).  The Amended Complaint states that
Plaintiff was informed by security personnel, a Mr. Cedrick Drew, that he was
being investigated for theft. (Id.).  Finally, the Amended Complaint states:  "Mr.
Drew ask everyone to stop making these false statement about the plaintiff, and
what they [sic] about him was not true.  Mr. Brandon Flower spent time seeking
ways on how to terminate plaintiff employment."  (Id.).  Plaintiff's Amended
Complaint provides no further substantive information or factual details.

### 1.    *Discrimination Based on Race*

To establish a prima facie case for a discrimination claim based on race,

Plaintiff must show:  (1) that he belongs to a protected class; (2) he was subjected

to an adverse employment action; (3) his employer treated similarly situated people

outside of the protected class more favorably; and, (4) he was qualified to do the

job.  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004).  The

Magistrate determined that Plaintiff did not assert allegations sufficient to meet his

burden to show a prima facie case.  (R&R at 9).  The Court agrees.  Plaintiff failed

to allege that any employee outside his protected class was treated more favorably

than he was treated.  His reference to white subcontractors who received higher

paying work is insufficient, because he did not allege sufficient facts to show that

he and the subcontractors were similarly situated.  See Holifield v. Reno, 115 F.3d

1555, 1562 (11th Cir. 1997) ("In determining whether employees are similarly

situated for purposes of establishing a prima facie case, it is necessary to consider

whether the employees are involved in or accused of the same or similar conduct

and are disciplined in different ways.").  Plaintiff also fails to allege that he was

qualified to do the job being performed by the subcontractors.  Wilson, 376 F.3d at

1091.  The Court finds no plain error in the Magistrate Judge's findings and

recommendation that Plaintiff's race-based discrimination claim be dismissed and this claim is dismissed.

### 2. *Retaliation*

Title VII makes it unlawful for an employer to discriminate against an employee because the employee "has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this subchapter." Word v. AT&T, 576 F. App'x 908, 912 (11th Cir. 2014) (quoting 42 U.S.C. § 2000e-3(a)). To demonstrate a prima facie case of retaliation in the absence of direct evidence, a plaintiff must show that he: (1) engaged in statutorily protected activity; (2) suffered an adverse employment action; and (3) there is a causal connection between the protected activity and adverse action. Dixon v. The Hallmark Cos., Inc., 627 F.3d 849, 856 (11th Cir. 2010). If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the challenged employment decision, after which the plaintiff must demonstrate that the articulated reason is pretext for retaliation. See Word, 576 F. App'x at 912.

The Magistrate Judge determined that any potential retaliation claim fails because Plaintiff has not alleged facts necessary to show that he has engaged in

statutorily protected activity.  Plaintiff did not file his EEOC claim until after he

was terminated, (see [1.1] at 4), and the EEOC claim therefore cannot serve as the

basis for a retaliation claim.  See E.E.O.C. v. Total Sys. Servs., Inc., 221 F.3d

1171, 1174 (11th Cir. 2000).  Plaintiff complained to Flowers, but the Amended

Complaint does not allege that Plaintiff believed he was being discriminated

against due to his status as a member of a protected class.  Plaintiff only appears to

assert that he asked why he was not being given contracts, and he was told to "shut

up."  ([18] ¶ 4).  Plaintiff does not allege that he ever referenced his race or any

other protected status in his conversation with Flower.  This conversation he claims

occurred does not qualify as protected activity.  See Scaffold v. Special Counsel,

Inc., 147 F. App'x 949, 951 (11th Cir. 2005) (informal complaints about issues

with co-workers did not qualify as protected activity).  The Magistrate concluded

that Plaintiff has not alleged facts which set forth a prima facie case for retaliation,

and recommends any retaliation claim be dismissed.  The Court finds no plain

error in these findings and recommendation, and Plaintiff's retaliation claim is

dismissed.

> 3.    *Hostile Work Environment*

To support a hostile work environment claim, Plaintiff must show:

(1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

Edwards v. Prime, Inc., 602 F.3d 1276, 1300 (11th Cir. 2010).

The Magistrate determined that Plaintiff's claim fails because he did not allege facts to show either that his treatment had anything to do with his race or that it was "severe or pervasive enough to alter the terms and conditions of employment." Plaintiff's allegations that he is African American, that the subcontractors who were receiving the work were white, and that Flowers is white, are not sufficient to link the alleged conduct to Plaintiff's race. Plaintiff has not provided any facts to show that he was denied contracts, investigated, and fired because of his race. The Court finds no plain error in the Magistrate Judge's findings and recommendation, and Plaintiff's hostile work environment claim is dismissed.

C.      Plaintiff's Failure to State a Claim After the Court's Instructions

The Magistrate Judge already allowed Plaintiff to amend his Complaint and instructed him on what would be necessary for his Complaint to survive a motion

13

to dismiss.  Accordingly, the Magistrate recommends now that Plaintiff's

Complaint be dismissed without a further opportunity to amend.  The Court agrees.

Despite Plaintiff's *pro se* status, the Court is not permitted to attempt to rewrite a

complaint to create a viable claim.  See Thomas v. Pentagon Fed. Credit Union,

393 F. App'x 635, 637 (11th Cir. 2010) (leniency towards *pro se* litigants "does

not require or allow courts to rewrite an otherwise deficient pleading in order to

sustain an action").  There is also no reason to believe that giving Plaintiff a third

bite at the apple would result in Plaintiff being able to sustain a claim.  The Court

does not find plain error in the Magistrate Judge's findings and recommendation,

and this action is required to be dismissed.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final

Report and Recommendation [20] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant All Saints & St. Luke's

Episcopal Home for the Retired d/b/a Canterbury Court, Inc.'s Motion to Dismiss

[19] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

14

**SO ORDERED** this 20th day of November, 2015.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE